# 24-2632

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

**GARFIELD WRIGHT,**

*Plaintiff-Appellant,*

v.

**THE BROOKLYN HOSPITAL CENTER, et al.,**

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

---

Brief of Appellant Garfield Wright

**Garfield Wright, Pro se**
50 Legion Street, Apt. 15A
Brooklyn, NY 11212
Phone: (347) 484-8996

1

## TABLE OF CONTENTS

Table of Contents................................................................................... 2

Table of Authorities............................................................................... 3

Statutes and Rules.................................................................................. 4

Statement of Subject Matter and Appellate Jurisdiction......................... 6

Statement of the Issues Presented for Review......................................... 7

Statement of the Case ............................................................................ 8

Statement of the Facts ........................................................................... 9

Summary of the Argument ..................................................................... 11

Argument ............................................................................................... 12

Conclusion ............................................................................................. 15

Certificate of Compliance ...................................................................... 16

Certificate of Service ............................................................................. 17

## TABLE OF AUTHORITIES

**Abbas v. Dixon**, 480 F.3d 636 (2d Cir. 2007) ........................................................ 13

**Barnett v. Inova Health Care Servs.**,
No. 23-1119, 2023 WL 7037599 (4th Cir. Oct. 26, 2023) ................................... 12

**Cuoco v. Moritsugu**, 222 F.3d 99 (2d Cir. 2000) ............................................... 13

**EEOC v. Abercrombie & Fitch Stores, Inc.**, 575 U.S. 768 (2015) .................... 12

**Erickson v. Pardus**, 551 U.S. 89 (2007) ............................................................ 14

**Fraternal Order of Police v. City of Newark**, 170 F.3d 359 (3d Cir. 1999) ..... 12

**Goe v. Zucker**, 43 F.4th 19 (2d Cir. 2022) ................................................. 7, 10, 13

**Groff v. DeJoy**, 600 U.S. 447 (2023) ................................................................. 12

**Haines v. Kerner**, 404 U.S. 519 (1972) ................................................... 11, 13, 14

**Knight v. Conn. Dep't of Pub. Health**, 275 F.3d 156 (2d Cir. 2001) ................. 12

**Trans World Airlines, Inc. v. Hardison**, 432 U.S. 63 (1977) ....................... 11, 12

### Statutes

**42 U.S.C. § 2000e et seq.** – Title VII of the Civil Rights Act of 1964 ....... 8, 10, 12

**28 U.S.C. § 1291** – Appellate jurisdiction ......................................................... 4, 6

**28 U.S.C. § 1331** – Federal question jurisdiction .............................................. 4, 6

### Rules

**Fed. R. App. P. 4(a)** – Time for filing notice of appeal ...................................... 4, 6

**Fed. R. App. P. 28(a)(10)** – Structure and requirements of the brief .................... 4

**Fed. R. App. P. 32(a)(5)** – Typeface and formatting rules .................................... 4

**Fed. R. Civ. P. 12(b)(6)** – Failure to state a claim .................................. 7, 8, 10, 14

## STATUTES AND RULES

### 1. Title VII of the Civil Rights Act of 1964

**42 U.S.C. § 2000e(j)** – *"Religion" Defined*

> The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

### 2. Title VII – General Prohibition

**42 U.S.C. § 2000e-2(a)(1)**

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

### 3. Jurisdictional Statutes

**28 U.S.C. § 1291** – *Final Decisions of District Courts*

> The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States.

**28 U.S.C. § 1331** – *Federal Question Jurisdiction*

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. Federal Rules of Appellate Procedure

**FRAP 4(a)** – *Time for Filing Notice of Appeal in a Civil Case*

> In a civil case, the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from.

**FRAP 28(a)(10)** – *Structure of the Brief*

> The appellant's brief must contain a summary of the argument with appropriate headings, and a short conclusion stating the precise relief sought.

**FRAP 32(a)(5)** – *Typeface and Formatting*

> A brief must be printed using a proportionally spaced typeface (e.g., Times New Roman) with a font size of at least 14 points.

5. Federal Rules of Civil Procedure

**Fed. R. Civ. P. 12(b)(6)** – *Failure to State a Claim*

> A party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court for the Eastern District of New York had **subject matter jurisdiction** over this action pursuant to **28 U.S.C. § 1331**, which provides for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Appellant Garfield Wright brought claims under **Title VII of the Civil Rights Act of 1964**, a federal statute codified at **42 U.S.C. § 2000e et seq.**, as well as constitutional claims arising under the First and Fourteenth Amendments.

The district court entered final judgment disposing of all claims on 09/18/2024 Appellant filed a timely notice of appeal on 10/01/2024, pursuant to **Federal Rule of Appellate Procedure 4(a)**.

This Court has **appellate jurisdiction** under **28 U.S.C. § 1291**, which confers jurisdiction over appeals from all final decisions of the United States district courts. Accordingly, this appeal is properly before the United States Court of Appeals for the Second Circuit.

## STATEMENT OF THE ISSUES PRESENTED

1. Whether the district court erred in dismissing Appellant's Title VII claim for religious discrimination, despite the plausibly alleged facts showing that Appellant requested a religious exemption from a vaccine mandate based on sincerely held beliefs and was terminated without reasonable accommodation.

2. Whether the Appellee's enforcement of a COVID-19 vaccine mandate violated New York State law, particularly in light of the Second Circuit's ruling in Goe v. Zucker, 43 F.4th 19 (2d Cir. 2022), which invalidated similar mandates imposed without proper legislative authority.

3. Whether the district court abused its discretion and prejudiced Appellant's right to fair adjudication by denying his request to supplement the record, particularly where Appellant proceeded pro se and sought to cure procedural defects in good faith.

4. Whether the district court's handling of this matter demonstrated bias and a failure to apply the legal standard owed to pro se litigants, thereby depriving Appellant of due process and equal protection under the law.

## STATEMENT OF THE CASE

Appellant Garfield Wright is a practicing Christian who was employed by The Brooklyn Hospital Center in New York. On or about April 21, 2021, the Appellee informed its employees, including the Appellant, that while COVID-19 safety protocols would be enforced, receiving the vaccine would remain a voluntary decision. Relying on this assurance, Appellant chose not to be vaccinated.

In or around August 2021, Appellee abruptly reversed its position and imposed a mandatory vaccine requirement as a condition of continued employment. In response, Appellant submitted a formal request for a religious exemption, citing deeply held Christian beliefs rooted in opposition to abortion and the use of fetal cell lines in vaccine production.

Initially, Appellee indicated that the exemption was either approved or pending. However, communication thereafter became inconsistent and evasive, culminating in a denial based on vague justifications and unsupported claims. Appellee failed to explore or offer any reasonable accommodations, such as testing, masking, or reassignment, despite the absence of any evidence of undue hardship.

In November 2021, Appellant was terminated from his position and escorted from the building by three security guards, an act contradicting Appellee's later assertions that Appellant had resigned voluntarily. Appellant repeatedly requested a formal termination letter but was never provided one.

Appellant filed suit in the Eastern District of New York asserting, inter alia, violations of Title VII, the New York State Constitution, and procedural due process. The district court dismissed his claims under Rule 12(b)(6) and refused his motion to supplement the record with additional evidence related to the timeline, communications, and discriminatory conduct.

Appellant now brings this appeal seeking reversal of the district court's judgment and remand for proper consideration on the merits.

## STATEMENT OF FACTS

Garfield Wright is a committed Christian and a former employee of The Brooklyn Hospital Center. Throughout his professional career, he served his employer with integrity, discipline, and a high degree of professionalism. At the onset of the COVID-19 pandemic, The Brooklyn Hospital Center implemented safety protocols to mitigate risks to staff and patients. On April 21, 2021, Appellee communicated to its workforce—including Appellant—that although safety measures would be enforced, receipt of the COVID-19 vaccine would remain voluntary. This policy, as communicated, was clear and unequivocal.

In reliance on this assurance, and in alignment with his deeply held religious convictions, Appellant made a conscious decision to decline the COVID-19 vaccine. Appellant's Christian faith includes a pro-life worldview, which regards the sanctity of life as inviolable. Appellant's specific religious objection stemmed from his understanding that the vaccines were developed, tested, or manufactured using fetal cell lines derived from abortions—a practice that directly contradicts his moral conscience and religious teachings.

Appellant's faith did not evolve or change with time; it was consistent, sincere, and constitutionally protected. As the months progressed, however, the hospital reversed its position. In August 2021, the institution imposed a strict, non-negotiable vaccine mandate on all employees. Appellant, in good faith and in full compliance with institutional procedure, submitted a formal request for a religious exemption. This request was not frivolous or generic; it was supported by a written explanation of his beliefs, supported by biblical doctrine, and offered in a spirit of cooperation and mutual respect.

Initially, Appellant received indications from Appellee that his exemption was under consideration or pending approval. Yet, subsequent communications became vague, inconsistent, and opaque. Rather than approving or denying the request in good faith, Appellee subjected Appellant to a series of intrusive and irrelevant questions regarding his personal faith practices and theological understanding—questions which bore no relation to the legal standard for evaluating religious accommodations under Title VII.

Ultimately, Appellee denied the request without articulating any specific undue hardship that would result from granting the exemption, and without offering any reasonable alternative accommodations such as routine testing, mask mandates, or

9

reassignment. There was no interactive dialogue, no individualized assessment, and no effort to explore compromise.

On November 2021, Appellant was informed that he would be terminated for non-compliance. Rather than facilitating a professional exit, Appellee subjected Appellant to humiliation: he was escorted from the premises by three security guards as if he were a threat or a criminal. This act inflicted reputational harm, emotional distress, and irreparably damaged his employment record. Despite repeated requests, Appellant was never issued a formal termination letter.

At all times, Appellant acted in accordance with the law, with respect for institutional protocol, and with fidelity to his religious values. The termination was not only a breach of Title VII, but a stark violation of the religious freedoms that are at the core of the First Amendment and deeply rooted in American civil rights jurisprudence.

Appellant initiated legal proceedings in the Eastern District of New York, asserting claims under Title VII for religious discrimination and failure to accommodate, as well as state law claims related to New York's improper enforcement of COVID-19 vaccine mandates, which were later deemed unlawful in *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022).

The district court, however, dismissed Appellant's complaint under Rule 12(b)(6) without providing a fair opportunity to be heard. The court denied Appellant's motion to supplement the record despite acknowledging Appellant's pro se status and the merits of his underlying claims. The court's decision reflected a mechanical application of procedural rules that failed to account for the spirit of justice or the governing law intended to protect religious minorities from institutional coercion.

This appeal follows.

10

## SUMMARY OF THE ARGUMENT

The district court's dismissal of Appellant Garfield Wright's claims reflects a misapplication of Title VII jurisprudence, an unjustified denial of procedural fairness, and a disregard for binding Second Circuit precedent on religious liberty and vaccine mandates imposed under state authority.

First, the district court erred in dismissing Appellant's religious discrimination claim under Title VII of the Civil Rights Act of 1964. The complaint plausibly alleged that Appellant held sincerely held religious beliefs that conflicted with a newly imposed vaccine mandate. He requested a religious accommodation, which the employer denied without offering viable alternatives or demonstrating undue hardship, in direct violation of *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977), and clarified in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

Second, Appellee's vaccine mandate was implemented under color of state law during a period when similar mandates had been constitutionally scrutinized. In *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022), this Court held that exclusionary mandates lacking individualized religious consideration violated state law and the Free Exercise Clause. Appellee acted under a similar coercive framework and failed to conduct any individualized review of Appellant's request, rendering the mandate unconstitutional and its enforcement unlawful.

Third, the district court denied Appellant the opportunity to supplement the record and cure alleged procedural defects, despite his in forma pauperis status and pro se appearance. This denial frustrated access to justice and prejudiced his right to a full and fair hearing. Pro se litigants are to be afforded procedural leniency under *Haines v. Kerner*, 404 U.S. 519 (1972).

Finally, the lower court's handling of the matter displayed undue rigidity, dismissing a case with serious constitutional and civil rights implications without proper regard for well-pleaded allegations. The cumulative result is an unjust outcome that not only violates Title VII, but also undermines the protections afforded to religious minorities and pro se litigants.

Reversal is warranted. The Court should remand this matter with instructions to reinstate Appellant's claims and permit a full and fair adjudication on the merits.

ARGUMENT

I. The District Court Erred in Dismissing Appellant's Title VII Religious Discrimination Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees based on religion, including failing to reasonably accommodate sincerely held religious beliefs unless doing so would impose an undue hardship on the employer's business. See 42 U.S.C. § 2000e(j).

To state a claim for religious discrimination based on failure to accommodate, a plaintiff must allege:

1. A bona fide religious belief that conflicts with an employment requirement;
2. That they informed the employer of the belief; and
3. That they were disciplined or discharged for failing to comply with the conflicting requirement. See Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001).

Appellant satisfies this test. He alleged a sincere religious objection to the COVID-19 vaccine due to its development using fetal cell lines derived from aborted fetuses, which conflicted with his pro-life Christian beliefs. He submitted a formal exemption request, which was denied, and was terminated without reasonable accommodation. The employer provided no evidence of "undue hardship" as required by Trans World Airlines, Inc. v. Hardison, 432 U.S. 63 (1977), and clarified in Groff v. DeJoy, 600 U.S. 447 (2023) (an "undue hardship" must involve substantial increased costs or significant disruption, not minimal burdens).

Recent decisions confirm the viability of such claims. In *Barnett v. Inova Health Care Servs.*, No. 23-1119, 2023 WL 7037599 (4th Cir. Oct. 26, 2023), the Fourth Circuit reversed dismissal of a Title VII claim where the plaintiff alleged denial of a religious vaccine exemption. See also *Fraternal Order of Police v. City of Newark*, 170 F.3d 359 (3d Cir. 1999) (holding that selective enforcement of policies affecting religious practice violates Title VII).

Accordingly, the district court erred by dismissing Appellant's claim at the pleading stage without evaluating the sincerity of belief or exploring whether reasonable accommodations were possible.

**II**. Appellee's Vaccine Mandate Violated State Law and Second Circuit Precedent

In *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022), the Second Circuit reviewed a New York State vaccine mandate that excluded religious exemptions and found that, under certain circumstances, mandates that ignore individual religious assessments may violate constitutional standards.

Although *Goe* involved school-based mandates, its principles are relevant here. Appellee implemented a blanket vaccine policy without meaningful opportunity for individualized religious accommodation. Instead, it subjected Appellant to invasive questions and issued a blanket denial without assessing whether alternatives (testing, reassignment, PPE) could avoid undue hardship.

The refusal to offer alternative accommodations mirrors the constitutional infirmities in *Goe* and further supports Appellant's claim that the mandate, as applied to him, violated both Title VII and public policy under New York law.

**III**. The District Court Improperly Denied Appellant's Motion to Supplement the Record

Federal courts are instructed to liberally construe pro se pleadings and afford plaintiffs the opportunity to amend or supplement filings to cure technical deficiencies. See Haines v. Kerner, 404 U.S. 519 (1972); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, Appellant sought to supplement the record to address specific procedural concerns identified by the court. Rather than allowing him to clarify facts critical to the timing and substance of his exemption request and communications with the employer, the court denied the motion outright. This unjustly prejudiced Appellant's access to the full factual record and undercut the fairness of the process.

Such refusal conflicts with the Second Circuit's repeated instructions to permit pro se litigants to supplement and amend filings unless doing so would be clearly futile. See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

**IV**. The District Court's Handling of the Case Displayed Procedural Bias and Denied Due Process

Courts must not only remain impartial, but must appear to act fairly—especially where civil rights and pro se litigants are concerned. In Erickson v. Pardus, 551 U.S. 89 (2007), the Supreme Court reaffirmed that pro se filings should be "liberally construed" and not dismissed unless it appears "beyond doubt" that the plaintiff can prove no set of facts.

In this case, the court dismissed Appellant's complaint without discovery, denied a good-faith attempt to supplement the record, and failed to assess the sincerity of religious belief or the lack of accommodation—all while applying a strict pleading standard inappropriate for a pro se litigant asserting fundamental rights. The result was a proceeding lacking fundamental fairness and due process, warranting reversal and remand.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant Garfield Wright respectfully requests that this Honorable Court:

1. **REVERSE** the judgment of the United States District Court for the Eastern District of New York dismissing his complaint;
2. **REMAND** the case for further proceedings on the merits, including discovery and adjudication of Appellant's Title VII religious discrimination claim;
3. **ORDER** the district court to permit supplementation of the record as requested by Appellant; and
4. Grant such other and further relief as this Court deems just, proper, and equitable.

In Good Faith,

**Garfield Wright, Pro Se**

Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). This document contains approximately 3,326 words, excluding the parts of the brief exempted by Rule 32(f). The brief is written in a proportionally spaced typeface using Times New Roman 14-point font.

/s/ Garfield Wright

Date: __4/4/2025__

Signature: __G. Wright__

## CERTIFICATE OF SERVICE

I, Garfield Wright hereby certify under penalty of perjury that on this 4th day of
April , 2025,

I served a copy of the foregoing **Appellant's Opening Brief** to be served by:

✓ **U.S. Mail**

____ **E-Mail**

____ **Hand Delivery**

on the following parties : Barbara E. Hoey, Kelley Drye and Warren, LLP
3 World Trade Center
175 Greenwich Street, New York NY                10007

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|

4/4/2025
Today's Date.

& WRight
Signature

17

Garfield Wright
50 Legion Street
Brooklyn, NY 11212
Phone: (347) 484-8996
Email: ibo72981@gmail.com

April 4, 2025

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY

Re: Submission of Court Brief – Pro Se Litigant

Dear Clerk Wolfe,

I am writing to formally submit my court brief to the United States Court of Appeals for the Second Circuit as a pro se litigant. Additionally, I have served a copy of the same court brief to Attorney Barbara E. Hoey, counsel for the Defendant, via USPS tracking number 9589 0710 5270 1904 9128 61.

Please confirm receipt of my submission. If there are any issues regarding my filing, kindly notify me at your earliest convenience so that I may promptly address and correct any deficiencies.

Thank you for your time and attention to this matter.

Respectfully submitted,

Garfield Wright

Garfield Wright
50 Legion Street, Apt: 15A
Brooklyn, New York 11212



9589 0710 5270 1904 9114 13

Retail





10007

RDC 99

U.S. POS
FCM LG
BROOKLY
APR 04, 2

**$11.**

S2324D5

Catherine O' Hagan Wolfe
Clerk of Court
United States Court of Appeals
For the Second Circuit
Thurgood Marshall U.S Courthouse
40 Foley Square
New York, NY 10007

USM
SDNY