# 24-2632-cv

# United States Court of Appeals

*for the*

# Second Circuit

GARFIELD WRIGHT,

*Plaintiff-Appellant,*

– v. –

THE BROOKLYN HOSPITAL CENTER,

*Defendant-Appellee,*

GARY G. TERRINONI, VASANTHA K. KONDAMUDI, SAM J. AMIFAR,
ROBERT AULICINO, STACY A. FRIEDMAN, JUDY MCLAUGHLIN,
GUY MENNONNA, LENNY H. SINGLETARY III, SHARON WICKES,
ARMAND P. ASARIAN, JOHN J. FERRARA, KIM C. FLODIN, JAMES
GASPERINO, LEONID GORELIK, SHARON M. LAWSON-DAVIS, DEAN
LINDSEY, KAREN MILANO, DONALD P. MINARCIK, DEBORAH
NIEDERHOFFER, EGONDU ONUOHA, AILEEN TANAFRANCA, JOHN
WALSH, PAUL Y. WONG, TOM FOLEY and FRANKY GOLDSBERRY,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

BARBARA E. HOEY
KELLEY DRYE & WARREN LLP
*Attorneys for Defendant-Appellee*
Three World Trade Center
175 Greenwich Street
New York, New York 10007
(212) 808-7800

CP COUNSEL PRESS    (800) 4-APPEAL • (382877)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee The Brooklyn Hospital Center states that it is a New York not-for-profit corporation with no corporate parent and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ...................................................i

TABLE OF AUTHORITIES .......................................................................iv

I.    INTRODUCTION ..........................................................................1

II.   JURISDICTIONAL STATEMENT ...............................................3

III.  COUNTER-STATEMENT OF ISSUES PRESENTED FOR
      REVIEW .......................................................................................4

IV.   COUNTER-STATEMENT OF THE CASE ...................................4

      A.    The NYSDOH Mandate ......................................................4

      B.    Plaintiff is Terminated for Failure to Comply with the
            NYSDOH Mandate .............................................................6

      C.    History of the Action..........................................................6

            1.    The Decision Below Dismissing the Complaint.........8

      D.    Plaintiff Appealed the Dismissal........................................10

V.    STANDARD OF REVIEW..........................................................10

VI.   SUMMARY OF THE ARGUMENT .............................................11

VII.  LEGAL ARGUMENT..................................................................14

      A.    The Law is Well Settled: Hospitals That Terminated
            Employees Under the NYSDOH Mandate Did Not Violate
            Title VII ...........................................................................14

            1.    Courts in This Circuit Unanimously Dismissed Cases
                  With Allegations Like Plaintiff's............................15

            2.    Plaintiff's Requested Accommodation Would Have
                  Caused TBHC an Undue Hardship ...........................18

            3.    Plaintiff's Case Law is Inapposite and Does Not
                  Warrant Reversal......................................................21

      B.    The Legality of the NYSDOH Mandate is Irrelevant ........22

C.     The District Court Properly Denied Plaintiff's Request to Further Amend His Complaint ............................................................ 25

D.     The District Court Properly Considered Plaintiff's *Pro Se* Status ....................................................................................... 27

E.     The District Court Did Not Improperly Rely on Facts Not Alleged in the SAC ...................................................................... 28

VIII.  CONCLUSION ..................................................................................... 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Algarin v. N.Y.C. Health + Hosp. Corp.*,
678 F. Supp. 3d 497 (S.D.N.Y. 2023) ..............................................................27

*Am. Postal Workers Union, S.F. Loc. v. Postmaster Gen.*,
781 F.2d 772 (9th Cir. 1986) ....................................................... 19-20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................11

*Baker v. The Home Depot*,
445 F.3d 541 (2d Cir. 2006)...............................................................15

*Barnett v. Inova Health Care Servs.*,
125 F.4th 465 (4th Cir. 2025) ...........................................................21

*Beickert v. N.Y.C. Dep't of Educ.*,
No. 22-CV-5265(DLI)(VMS), 2023 WL 6214236
(E.D.N.Y. Sept. 25, 2023)..................................................................16

*Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*,
110 F.4th 106 (2d Cir. 2024) ....................................................... 10, 11

*Burgess v. Goord*,
No. 98-CV-2077 (SAS), 1999 WL 33458 (S.D.N.Y. Jan. 26, 1999),
*aff'd*, 767 F. App'x 123 (2d Cir. 2019)..............................................29

*Cagle v. Weill Cornell Med.*,
No. 22-CV-6951 (LJL), 2024 WL 3520469 (S.D.N.Y. July 24, 2024)...............26

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)...............................................................29

*Cooper v. U.S. Postal Serv.*,
577 F.3d 479 (2d Cir. 2009)...............................................................23

*Corrales v. Montefiore Med. Ctr.*,
No. 22-CV-3219 (LAP), 2023 WL 2711415 (S.D.N.Y. Mar. 30, 2023) ........3, 17

*Cosme v. Henderson*,
287 F.3d 152 (2d Cir. 2002)...............................................................15

*D'Cunha v. Northwell Health Sys.*,
No. 23-476-CV, 2023 WL 7986441 (2d Cir. Nov. 17, 2023) ..................... *passim*

*Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*,
No. 22-CV-2929 (CS), 2023 WL 3467143 n.8 (S.D.N.Y. May 15, 2023) .........25

*Does 1-2 v. Hochul*,
632 F. Supp. 3d 120 (E.D.N.Y. 2022) ............................................................5

*E.E.O.C. v. Hacienda Hotel*,
881 F.2d 1504 (9th Cir. 1989) .....................................................................19

*E.E.O.C. v. Townley Eng'g & Mfg. Co.*,
859 F.2d 610 (9th Cir. 1988) .......................................................................19

*Fraternal Ord. of Police Newark Lodge No. 12 v. City of Newark*,
170 F.3d 359 (3d Cir. 1999).................................................................. 21, 22

*Goe v. Zucker*,
43 F.4th 19 (2d Cir. 2022) ...........................................................................23

*Groff v. DeJoy*,
600 U.S. 447 (2023)......................................................................................16

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*,
No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872
(E.D.N.Y. Mar. 30, 2018) ............................................................................29

*Headley v. Tilghman*,
53 F.3d 472 (2d Cir. 1995).............................................................................11

*Hollinshead v. N.Y.C. Health & Hosps. Corp.*,
81 Misc. 3d 763 (N.Y. Sup. Ct. Kings Cnty. 2023)......................................24

*Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*,
620 F.3d 137 (2d Cir. 2010)..........................................................................15

*Lewis v. New York City Transit Auth.*,
12 F. Supp. 3d 418 (E.D.N.Y. 2014) ....................................................... 14-15

*Mace v. Crouse Health Hosp., Inc.*,
No. 5:22-CV-1153 (TJM/ATB), 2023 WL 5049465
(N.D.N.Y. Aug. 8, 2023) ......................................................................... 20, 24

*Marte v. Montefiore Medical Center*,
No. 22-CV-03491-CM, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022)..........2, 17

*Moore v. Montefiore Med. Ctr.*,
  No. 22-CV-10242 (ER) 2023 WL 7280476 (S.D.N.Y. Nov. 3, 2023).......... 26-27

*Riley v. N.Y.C. Health & Hosps. Corp.*,
  No. 22-CV-2736 (JGK), 2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023) .........3, 17

*Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*,
  No. 22-CV-10643 (GHW) (SDA), 2023 WL 3628151
  (S.D.N.Y. May 5, 2023)........................................................................19

*Shannon v. N.Y.C. Transit Auth.*,
  332 F.3d 95 (2d Cir. 2003)....................................................................19

*We The Patriots USA, Inc. v. Hochul*,
  17 F.4th 266 (2d Cir. 2021) ........................................................... *passim*

*Whiteside v. Hover-Davis, Inc.*,
  995 F.3d 315 (2d Cir. 2021)...................................................................11

*Wilson v. New York Soc'y for Relief of Ruptured & Crippled, Maintaining Hosp.
  for Special Surgery*,
  No. 22CV9207ATJLC, 2023 WL 5766030 (S.D.N.Y. Sept. 7, 2023)................24

**Statutes & Other Authorities:**

U.S. Const. amend. I ............................................................... 5, 22, 23

U.S. Const. amend. XIV .................................................................6, 23

29 U.S.C. § 794(a) ...........................................................................23

10 N.Y.C.R.R. 2.61 ................................................................ 3, 5, 17, 24

10 N.Y.C.R.R. 2.61(a)(2).....................................................................5

10 N.Y.C.R.R. 2.61(d)(1) .....................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................15

Article VII of the Civil Rights Act of 1964 ...............................................6

vi

## I.     INTRODUCTION

It is now settled law in this Circuit that hospitals like Defendant-Appellee The Brooklyn Hospital Center ("TBHC" or the "Hospital")[1] did not violate Title VII by requiring an employee in a patient-facing position like Plaintiff-Appellant Garfield Wright ("Plaintiff") to be vaccinated against COVID-19, in compliance with a mandate issued by the New York State Department of Health ("NYSDOH") (the "Mandate"), and terminating those employees when they refused the vaccine. Hence, the District Court here correctly dismissed Plaintiff's complaint, and Plaintiff on appeal offers no new argument or theory warranting reversal of the District Court's decision, which should accordingly be affirmed.

It is undisputed that in August and September of 2021, at the height of the COVID-19 pandemic, the NYSDOH issued a vaccination Mandate that required all covered "personnel" in healthcare facilities to be vaccinated against COVID-19. Covered "personnel" were defined as those, like Plaintiff, whose job responsibilities brought them into contact with others. The NYSDOH Mandate did not permit religious exemptions. Accordingly, when Plaintiff refused to be vaccinated, in compliance with the Mandate, TBHC terminated his employment.

---

[1] All individual defendants, Gary G. Terrinoni, *et al.*, were voluntarily dismissed from this case by Plaintiff upon the filing of his Second Amended Complaint. TBHC is the lone remaining defendant.

Simply put, TBHC did not have a choice. The Mandate, which TBHC was obliged to follow, required all of TBHC's patient-facing employees to be vaccinated against COVID-19. Plaintiff does not dispute that he had a patient-facing position, and cannot dispute that the Mandate did not permit religious exemptions. TBHC accordingly could not have permitted Plaintiff to continue working unvaccinated without violating the law.

Plaintiff's arguments on appeal are unsupported and have been rejected by this Court and others before.

First, Plaintiff argues that the Hospital presented "no evidence" of "undue hardship," which is wrong and entirely ignores the District Court's proper conclusion that the Hospital had shown that allowing Plaintiff to work unvaccinated, in violation of the NYSDOH Mandate, would have been an undue hardship. (SA at 89.)[2] Plaintiff thus ignores the many cases cited below, where courts in this Circuit have found an "undue hardship on an employer defendant as a matter of law where a plaintiff's job required him to interact with patients and staff at defendant's healthcare facility." (*Id.* (collecting cases).) Indeed, even more courts in this Circuit[3] beyond those cited below have dismissed similar claims,

---

[2] References to "SA" refer to Defendant-Appellant's Supplemental Appendix, filed concurrently herewith.

[3] *See, e.g. Marte v. Montefiore Medical Center*, No. 22-CV-03491-CM, 2022 WL 7059182, at *4 (S.D.N.Y. Oct. 12, 2022) ("Defendant correctly argues that Plaintiff's requested accommodation

2

holding that to require a healthcare institution like TBHC to violate the NYSDOH Mandate and permit religious exemptions would constitute an undue hardship.

Second, Plaintiff's attempt to attack the legality of the Mandate also fails, as this Circuit has held that the Mandate was lawful at the time. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021).

Last, Plaintiff's argument that the District Court erred in refusing to allow him to supplement the record because of his *pro se* status also fails. For one, he did not move to supplement the record. Second, TBHC questions from the quality of Plaintiff's brief whether Plaintiff is being assisted by a lawyer. But, even assuming Plaintiff is *pro se*, he was allowed to amend the complaint twice, and to supplement the record further would have been futile, as Plaintiff can allege no facts that would avoid inevitable dismissal.

For the reasons set forth below, the District Court's dismissal of Plaintiff's claims should be affirmed.

## II.    JURISDICTIONAL STATEMENT

TBHC does not contest Plaintiff's Statement of Jurisdiction.

---

would qualify as an undue hardship because it required Defendant to violate the law."); *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-3219 (LAP), 2023 WL 2711415, at *7 (S.D.N.Y. Mar. 30, 2023) ("Montefiore could not have granted Corrales's requested exemption without undue hardship because granting the exemption would have required Montefiore to violate binding law."); *Riley v. N.Y.C. Health & Hosps. Corp.*, No. 22-CV-2736 (JGK), 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (dismissing Title VII case where a nurse requested a religious exemption from the hospital's vaccination requirement, finding that "[g]ranting this accommodation would cause the defendant the undue hardship of forcing it to violate Section 2.61.")

### III.   COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Did the District Court correctly follow Circuit-precedent by dismissing Plaintiff's Title VII claim and holding that granting Plaintiff's requested accommodation would have caused TBHC an undue hardship?

2.      Did the District Court properly disregard Plaintiff's arguments concerning the legality of the NYSDOH's vaccination mandate because TBHC was following the law as it existed during the events relevant to this case?

3.      Did the District Court properly deny Plaintiff's request to amend his complaint for a third time because any amendment would be futile?

4.      Did the District Court adequately accommodate Plaintiff's *pro se* status by, among other things, allowing Plaintiff to amend his complaint twice and by considering additional allegations raised for the first time by Plaintiff in his opposition to TBHC's motion to dismiss?

### IV.   COUNTER-STATEMENT OF THE CASE

#### A.   <u>The NYSDOH Mandate</u>

Plaintiff was employed as an Environmental Services worker for TBHC, (SA at 67-69, 79), which he admits was a patient facing position. (SA at 79.) In August 2021, the NYSDOH issued an order, and then a subsequent emergency regulation, requiring that all covered "personnel" working at healthcare institutions (including TBHC) be fully vaccinated against COVID-19 by September 27, 2021.

4

10 N.Y.C.R.R. 2.61. Covered "personnel" under the Mandate were defined as "all persons employed or affiliated with a covered entity . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." 10 N.Y.C.R.R. 2.61(a)(2). Plaintiff does not contest that he was "covered personnel" and thus covered by the NYSDOH Mandate. (SA at 79.)

The NYSDOH Mandate contained only a single limited exemption for those whom a "COVID-19 vaccine [would be] detrimental to" their health "based upon a pre-existing health condition." 10 N.Y.C.R.R. 2.61(d)(1). The NYSDOH Mandate, however, explicitly excluded religious exemptions to the vaccination requirement. *See* 10 N.Y.C.R.R. 2.61; *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 130–31 (E.D.N.Y. 2022) (detailing the timeline, legislative history and public health reasoning for of the NYSDOH emergency order and subsequent emergency regulation); *We The Patriots USA, Inc. v. Hochul*, 17 F. 4th 266, 274–75 (2d Cir. 2021), opinion clarified, 17 F.4th 368 (2d Cir. 2021) (same).

Several legal challenges were filed attacking the NYSDOH Mandate in the Fall of 2021. In *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021), the plaintiff-appellants challenged the NYSDOH Mandate's lack of a religious exemption as a violation of the First Amendment, the Supremacy Clause via

Article VII of the Civil Rights Act of 1964, and the Fourteenth Amendment. *Id.* at 272. Ultimately, in November 2021, this Court rejected these claims and upheld the Mandate. *Id.* at 296.

## B. **Plaintiff is Terminated for Failure to Comply with the NYSDOH Mandate**

The facts underlying Plaintiff's termination are likewise undisputed:

- In August 2021 TBHC announced that, in compliance with the Mandate, all covered personnel would have to be vaccinated by September 27, 2021 unless they could establish a medical exemption.

- In August and September of 2021, Plaintiff refused to be vaccinated and attempted to "invoke[] [his] sincerely [held] religious belief against taking the Covid-19 vaccine." (SA at 68.) Plaintiff alleges that he "tried to compromise with management," but was "placed on leave" when he continued to refuse to be vaccinated against COVID-19. (SA at 68-69.)

- Plaintiff was then terminated in November, 2021, because he would not be vaccinated, and thus could not work.[4]

## C. **History of the Action**

On March 8, 2022, Plaintiff filed a complaint with the EEOC, which issued a right-to-sue letter on November 17, 2022. (SA at 70.) Plaintiff then filed this

---

[4] TBHC disputes Plaintiff's allegations regarding how he was treated at termination, but for purposes of this appeal will not address them further.

action on February 2, 2023. (*See* SA at 1.) Plaintiff did not name TBHC as a defendant in his original complaint. (SA at 1-13.) On March 9, 2023, the District Court *sua sponte*, recognizing Plaintiff's *pro se* status, dismissed Plaintiff's Complaint, giving him leave to amend "to name the proper defendant." (SA at 35, 38.)

Plaintiff filed his First Amended Complaint on May 2, 2023. (SA at 40.) Plaintiff again did not name TBHC as a defendant. (SA at 40-51.) Accordingly, the District Court again dismissed Plaintiff's First Amended Complaint because it was "virtually a duplicate of the original complaint and d[id] not comply with the Court's order that Plaintiff name his employer as a defendant and provide a short plain statement of facts sufficient to support a plausible claim that his employer discriminated against him in violation of Title VII." (SA at 59-60.)

Given "Plaintiff's *pro se* status," the District Court again granted Plaintiff thirty days to file a second amended complaint but warned that the "second amended complaint shall be reviewed for compliance with th[e] [District Court's] Order and substantive sufficiency." (SA at 62-63.)

Accordingly, on May 23, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC") against TBHC. (SA at 64.) Plaintiff's SAC asserted

a claim for discriminatory termination against TBHC in violation of Title VII, seeking reinstatement of his job and damages of $2 million. (SA at 71.)

### 1. The Decision Below Dismissing the Complaint

On September 17, 2024, the District Court dismissed Plaintiff's SAC for failure to state a claim. (SA at 86, 94.) The Court based its decision on the well-settled principle that "an employer cannot be found to have engaged in religious discrimination under Title VII if the employer could not have 'reasonably accommodated' the employee's religious needs without undue hardship on the conduct of the employer's business." (SA at 89 (quotations omitted).)

The District Court went on to hold that "[c]ourts within the Second Circuit have found an undue hardship on an employer-defendant as a matter of law where a plaintiff's job required him to interact with patients and staff at the defendant's health care facility." (SA at 89.) "Given that Title VII cannot be used to require employers to break the law," the District Court held, "courts have declined to analyze the elements of a prima facie case for religious discrimination in the context of COVID-19 vaccine mandates where a Title VII plaintiff's job required her to engage in activities such that if she was infected with COVID-19, she could potentially expose other personnel, patients or residents to the disease." (*Id.* (quoting *We the Patriots*, 17 F. 4th at 274).) Because "nothing in the SAC "indicate[d]—other than in conclusory fashion—that Plaintiff sought any

8

accommodation other than a blanket exemption . . . from the COVID-19 vaccination requirement," the District Court held that TBHC "could not have accommodated Plaintiff's alleged religious objection to the COVID-19 vaccination requirement without breaking the law and thereby suffering an undue hardship." (SA at 90.)

The District Court went on to hold that "even if the [District] Court were to consider the allegations in Plaintiff's memorandum [that he would have accepted an alternative accommodation of reassignment to other job duties] together with the SAC, a reasonable accommodation under Title VII can never involve the elimination of an essential function of a job, which would necessarily constitute an undue hardship." (SA at 91 (quotations omitted).) Accordingly, "given [Plaintiff's] patient-facing role as an Environmental Services worker, any accommodation that would entirely remove him from the hospital, and from all in-person interaction with patients and staff would constitute an undue burden on [TBHC]." (*Id.* (quotations omitted).) "At the very least," the District Court held, "Plaintiff would have been unable to perform duties requiring physical contact with patients, and, therefore, another employee would have to had to cover those duties or [TBHC] would have needed to hire a replacement." (*Id.* (quotations omitted).)

Because Plaintiff accordingly "failed to allege that [TBHC] could have reasonably accommodated his religious objections to the vaccine requirement without undue hardship," the District Court granted TBHC's motion to dismiss the SAC. (SA at 92, 94.) The Court also denied Plaintiff leave to amend his complaint for a third time because "it would be futile for Plaintiff to seek to amend his Complaint again" as TBHC "could not grant the blanket exemption from the mandate that Plaintiff requested without suffering undue hardship." (SA at 92.)

## D.    **Plaintiff Appealed the Dismissal.**

On October 1, 2024, Plaintiff appealed the dismissal of his SAC with prejudice. (Dkt. 1.1.)[5] Although the District Court had denied Plaintiff's request to appeal *in forma pauperis*, (Dkt. 8.1 at 7-8), this Court granted Plaintiff's request on March 20, 2025 (Dkt. 24.1.) Plaintiff also filed a motion to supplement the record, which was denied by this Court on March 20, 2025. (Dkt. 25.1.) Plaintiff filed his appellant brief on April 8, 2025 ("App. Brief"). (Dkt. 29.1.)

## V.    STANDARD OF REVIEW

A District Court's grant of a motion to dismiss a complaint for failure to state a claim upon which relief may be granted is reviewed *de novo*. *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 113 (2d

---

[5] Citations to "Dkt." refer to the filings on this Court's appellate docket in this case, No. 24-2632.

10

Cir. 2024). The Court is "free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Id.* (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

While the Court should "assume[]" as true all "well-pleaded factual allegations," *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021), the complaint cannot merely consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the plaintiff is entitled to relief. *Id.* at 679.

## VI.    SUMMARY OF THE ARGUMENT

The District Court properly followed the plethora of case law in this Circuit holding that hospitals did not violate Title VII by complying with the NYSDOH Mandate requiring all covered personnel to become vaccinated against COVID-19. It is black letter law in this Circuit that granting Plaintiff's requested accommodation—a blanket religious exemption from the NYSDOH Mandate— would have imposed an undue hardship on TBHC because it would have required TBHC to break the law.

Plaintiff's arguments to the contrary ignore the undue hardship prong of the Title VII test and improperly conflate TBHC's requirement to *follow* the law with

11

the New York state government's role in propagating and enforcing the law. TBHC was required to follow the law like all other healthcare institutions in New York state, and the law did not permit TBHC to grant Plaintiff a religious exemption.

Plaintiff argues that the District Court erred by improperly applying the test for whether a plaintiff adequately states a Title VII claim. But Plaintiff again ignores the undue hardship portion of that test. In fact, Plaintiff does not address the District Court's discussion of undue hardship at all.

Further, the cases that Plaintiff relies upon to support his argument are distinguishable because they all concern *selective* enforcement of policies based on religion. TBHC did not selectively enforce the NYSDOH Mandate based on religion, but rather declined to permit *any* religious exemptions because *the law did not permit* TBHC to do so. Plaintiff's arguments that the District Court erred based on the Title VII standard are therefore unavailing.

Plaintiff's other arguments fair no better. He argues that "Appellee's" vaccine mandate "violated both Title VII and public policy." But it was not TBHC's "mandate" that led to TBHC's vaccination requirements, but TBHC's compliance with the NYSDOH Mandate. Plaintiff supports this argument by citing to a decision of this Court concerning a *different* New York state mandate decided

12

*after* the relevant events of this lawsuit, but Plaintiff ignores that TBHC's obligation was to follow the law as it existed at the time. The later legality of the NYSDOH Mandate—and especially the later legality of a *different* mandate—are entirely irrelevant.

Plaintiff also argues that the District Court improperly denied his "motion to supplement the record." First, Plaintiff did not file a motion to "supplement the record" with the District Court. To the extent Plaintiff refers to a request to amend his complaint, the District Court did not err because it had granted Plaintiff leave to amend the complaint twice, and properly determined that any further amendment would be futile.

Second, Plaintiff claims that the District Court demonstrated "bias" by failing to "liberally construe" his pleadings as a *pro se* litigant. That is false. The District Court permitted Plaintiff to amend his Complaint twice, and considered allegations in both the SAC *and* Plaintiff's opposition to the motion when deciding TBHC's motion to dismiss. Accordingly, the District Court provided all leeway required when considering *pro se* pleadings. The law does not require the District Court to permit Plaintiff to proceed with futile claims merely because he is proceeding *pro se*.

13

Finally, although Plaintiff does not address it in his papers, the District Court did not improperly rely on facts not alleged in the SAC. All facts considered by the District Court—including that Plaintiff's role was as an Environmental Services worker—were either pled in the SAC or alluded to or discussed in Plaintiff's opposition to TBHC's motion to dismiss. Facts alleged in both sets of documents are proper for the District Court to consider when evaluating *pro se* pleadings.

For the foregoing reasons and those further discussed below, the District Court's dismissal of the SAC should be affirmed.

## VII.   LEGAL ARGUMENT

### A.   <u>The Law is Well Settled: Hospitals That Terminated Employees Under the NYSDOH Mandate Did Not Violate Title VII.</u>

The District Court did not err by following the extensive case law in this Circuit holding that hospitals subject to the NYSDOH Mandate, like TBHC here, would have suffered an undue hardship by granting a religious exemption in violation of the NYSDOH Mandate.

Under Title VII, "[i]n order to make out a prima facie case of religious discrimination, a plaintiff must show that (1) [he] held a bona fide religious belief conflicting with an employment requirement; (2) [he] informed her employer of this belief; and (3) [he] was disciplined for failure to comply with the conflicting employment requirement.'" *Lewis v. New York City Transit Auth.*, 12 F. Supp. 3d

14

418, 442 (E.D.N.Y. 2014) (quoting *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)). Those elements notwithstanding, an employer "does not violate Title VII [] if it can show that the prospective accommodation would cause an employer to suffer an undue hardship." *D'Cunha v. Northwell Health Sys*., No. 23-476-CV, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023) (quoting *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)). "The defense of undue hardship may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) if the defense appears on the face of the complaint." *Id*. at *2 (quoting *Iowa Pub. Emps.' Ret. Sys. V. MF Glob., Ltd*., 620 F.3d 137, 145 (2d Cir. 2010)).

### 1. Courts in This Circuit Unanimously Dismissed Cases With Allegations Like Plaintiff's.

There is no dispute that the NYSDOH issued the Mandate in 2021, which required that all hospitals ensure that covered "personnel" be vaccinated in order to work. It is also undisputed that the Mandate did not allow for religious exemptions.

Other hospital employees who, like Plaintiff, were terminated for failure to be vaccinated pursuant to the NYSDOH Mandate have sued for discrimination. All of those cases have been dismissed, and it has thus become well-settled law in this Circuit that a hospital would suffer undue hardship where the hospital would be required to violate the law to provide the requested accommodation. As stated by this Court in *D'Cunha*, "[o]ur conclusion is consistent with the Supreme Court's

clarification of the 'undue hardship' standard in *Groff* because the burden placed on an employer from violating a state law, like the State Mandate in this case, is both 'excessive' and 'unjustifiable.'" As such, "the district court correctly dismissed [Plaintiff's] claim of religious discrimination." *D'Cunha*, 2023 WL 7986441, at *3 (citing *Groff v. DeJoy,* 600 U.S. 447, 469 (2023)); *see also Beickert v. N.Y.C. Dep't of Educ*., No. 22-CV-5265(DLI)(VMS), 2023 WL 6214236, at *3–5 (E.D.N.Y. Sept. 25, 2023) (applying the *Groff* "substantial increased costs in relation to the conduct of business" undue hardship test in the vaccination mandate context and holding that the defendant-employer would suffer an "undue hardship" in providing the plaintiff with an exemption).

Here, TBHC "could not have granted [Plaintiff's] religious exemption request without violating the State Mandate, exposing itself to potential penalties, and thereby suffering undue hardship." *See D'Cunha*, 2023 WL 7986441, at *3 (dismissing Title VII claim). The District Court correctly followed this precedent in dismissing Plaintiff's claims. (SA at 89 (collecting cases).) The District Court cited to nearly *half a dozen* cases in this Circuit all considering the very same scenario: a hospital employee who was terminated because they insisted on requesting a blanket religious exemption to the NYSDOH Mandate, which the law

16

did not permit. (*Id*.) All of those cases dismissed the plaintiffs' claims as a matter of law.

There are also numerous other decisions in this Circuit reaching the same conclusion beyond those relied upon by the District Court. *See, e.g. Marte v. Montefiore Medical Center*, No. 22-CV-03491-CM, 2022 WL 7059182, at *4 (S.D.N.Y. Oct. 12, 2022) ("Defendant correctly argues that Plaintiff's requested accommodation would qualify as an undue hardship because it required Defendant to violate the law."); *Corrales v. Montefiore Med. Ctr*., No. 22-CV-3219 (LAP), 2023 WL 2711415, at *7 (S.D.N.Y. Mar. 30, 2023) ("Montefiore could not have granted Corrales's requested exemption without undue hardship because granting the exemption would have required Montefiore to violate binding law."); *Riley v. N.Y.C. Health & Hosps. Corp*., No. 22-CV-2736 (JGK), 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (dismissing Title VII case where a nurse requested a religious exemption from the hospital's vaccination requirement, finding that "[g]ranting this accommodation would cause the defendant the undue hardship of forcing it to violate Section 2.61").

Beyond the unanimity at the district court level, this Court itself affirmed the reasoning of all of the district court decisions referenced above by holding that "the burden placed on an employer from violating a state law, like the [NYSDOH]

17

Mandate in this case, is both 'excessive' and 'unjustifiable.'" *D'Cunha*, 2023 WL 7986441, at *3.

### 2. Plaintiff's Requested Accommodation Would Have Caused TBHC an Undue Hardship.

Here, there is no doubt that Plaintiff's requested accommodation—a blanket exemption from the vaccination requirement—would have caused TBHC an undue hardship. Nothing in the SAC, Plaintiff's opposition to TBHC's motion to dismiss, or even Plaintiff's brief on appeal suggests that he sought any accommodation other than a blanket exemption from the Mandate.

Instead, Plaintiff merely alleged without elaboration or detail that he "tried to compromise with management on all levels." (SA at 68.) Indeed, Plaintiff's opposition brief in the District Court states that he was "unaware" of any "other accommodations" other than a blanket exemption. (SA at 79.) Plaintiff therefore explicitly alleges that he never requested an accommodation other than a blanket exemption.

Plaintiff further stated that he was "now cognizant" that TBHC allegedly could have "remov[ed] [Plaintiff] from the designation as 'covered personnel,' or a reassignment to other Environmental Services duties where he would not come into contact with patients." (*Id*.) But Plaintiff does not address that this would have required the Hospital to remove or modify the essential functions of his job. "A

18

reasonable accommodation [under Title VII] can never involve the elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003). Plaintiff himself admits that his duties entailed "contact with patients," (SA at 79), and not once does Plaintiff allege that he requested an alternative accommodation that did not "eliminat[e] an essential function of [his] job" or, indeed, that one was even possible. Instead, "any accommodation that would entirely remove [Plaintiff] from the hospital, and from all in-person interaction with patients and staff," would constitute an undue burden on Defendant. *See Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-10643 (GHW) (SDA), 2023 WL 3628151, at \*5 (S.D.N.Y. May 5, 2023).

Plaintiff cites no law that requires TBHC to conjure up an accommodation that would have removed him from the definition of covered "personnel" without eliminating essential functions of his job as an Environmental Services worker. Indeed, even case law cited by Plaintiff in the District Court is clear that where "the employer does not propose an accommodation, the employer must accept the employee's proposal or demonstrate that the proposal would cause the employer undue hardship." *E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504, 1512 (9th Cir. 1989)) (citing *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988)); *see also Am. Postal Workers Union, S.F. Loc. v. Postmaster Gen.*, 781

19

F.2d 772, 777 (9th Cir. 1986) (rejecting an interpretation of Title VII that would "grant[] an employee the unequivocal right to have every alternative assessed under the 'undue hardship' standard").

Plaintiff does not allege that he requested any "other" accommodation other than a blanket exemption, which undeniably would have caused the Hospital undue hardship, as detailed *supra*. *See Mace v. Crouse Health Hosp., Inc.*, No. 5:22-CV-1153 (TJM/ATB), 2023 WL 5049465, at *7 (N.D.N.Y. Aug. 8, 2023) ("[Title VII] does not require that an employee who works in a covered position be permitted an accommodation that allows them to stay in a position that requires vaccination.").

Plaintiff's arguments that the District Court erred in evaluating his Title VII claim are unavailing. Plaintiff argues that the District Court erred because he purportedly "satisfie[d] th[e] test" for alleging a claim under Title VII. (App. Brief at 12.) But Plaintiff does not even acknowledge the "undue burden" portion of the test other than to state in conclusory fashion that TBHC "provided no evidence of 'undue hardship.'" (*Id*.) Plaintiff fails to identify any error in the District Court's analysis of the undue hardship that TBHC would have faced had it permitted Plaintiff a religious exemption in violation of the express terms of the NYSDOH Mandate. This Court should accordingly affirm the District Court's dismissal of Plaintiff's Title VII claim.

20

### 3. Plaintiff's Case Law is Inapposite and Does Not Warrant Reversal.

Plaintiff's cited case law is inapposite, does not save his claims and does not warrant reversal of the District's Court's decision. Plaintiff principally relies on two cases that purportedly "confirm the viability of [Title VII] claims." (App. Brief at 12. (citing *Barnett v. Inova Health Care Servs.*, 125 F.4th 465 (4th Cir. 2025); *Fraternal Ord. of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359 (3d Cir. 1999)).)

But both *Barnett* and *City of Newark* concerned selective enforcement of policies allegedly affecting religious practices. In *Barnett*, the Fourth Circuit reversed dismissal of a religious discrimination claim where a hospital implementing a COVID-19 vaccine policy selectively enforced the policy based on arbitrary evaluation of religious beliefs. The policy in *Barnett* required employees to receive the vaccination "unless they had a religious or medical exemption." *Barnett*, 125 F.4th at 468. The Fourth Circuit held that the plaintiff had adequately alleged a claim for religious discrimination because the defendant, in evaluating religious exemption requests, "decided to pick winners and losers from among the employees making exemption requests, based upon whether the Exemption Committee found an employee's religious beliefs were legitimate." *Id.* at 468 (quotations omitted). Here, in contrast, TBHC was not "picking winners and

21

losers" based on their assessment of the legitimacy of employees' religious beliefs. Rather, TBHC did not permit any religious exemption at all because such exemptions were *forbidden* by the NYSDOH Mandate.

Similarly, *City of Newark* concerned the City of Newark's Police Department's refusal to permit religious exemptions from their policy regarding the wearing of beards. There, the police department "ma[de] exemptions from its policy for secular reasons and ha[d] not offered any substantial justification for refusing to provide similar treatment for officers who are required to wear beards for religious reasons." *City of Newark*, 170 F.3d at 360. *City of Newark* is therefore distinguishable because TBHC's refusal to permit religious exemptions is not the result of some arbitrary disfavoring of religion, but rather because the law as it existed at the time prohibited TBHC from permitting religious exemptions. Moreover, *City of Newark* was brought alleging violations of the free exercise clause of the constitution, not under Title VII, and therefore applied standards not relevant here. *Id.* at 361 (stating that the governmental policy at issue must meet "strict scrutiny" under a First Amendment analysis). Neither case, therefore, aids Plaintiff's claim here.

## B.    The Legality of the NYSDOH Mandate is Irrelevant.

Plaintiffs' next contention appears to be that the District Court erred by not holding that TBHC should have violated the NYSDOH Mandate, and permitted

22

Plaintiff a religious exemption, because the NYSDOH Mandate is allegedly illegal. That argument is facially absurd.

Plaintiff relies on *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022). In *Goe*, this Court affirmed dismissal of an action brought by parents, on behalf of their minor children, challenging New York's medical exemptions from mandatory school immunization requirements. The Court evaluated the parents' claim under the Due Process clause of the Constitution and the Rehabilitation Act, 29 U.S.C. § 794(a), and ultimately held that the District Court did not err in dismissing the parents' claim. *Id*. at 35-37. *Goe* is therefore entirely irrelevant to the claims at issue.

To the extent that Plaintiff claims that the Court in *Goe* stated in dicta that "under certain circumstances, mandates that ignore individual religious assessments may violate constitutional standards," (App. Brief at 13), such contention is irrelevant to the present dispute. As a private institution, the First and Fourteenth Amendments to the Constitution are not applicable to TBHC. *Cooper v. U.S. Postal Serv*., 577 F.3d 479, 491 (2d Cir.2009) ("The Fourteenth Amendment . . . incorporates the First Amendment, so the Fourteenth Amendment, and, through it, the First Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be state action").

Moreover, Plaintiff's argument is entirely misplaced. The "mandate" at issue is not TBHC's mandate. TBHC was merely following the NYSDOH Mandate, which had the binding force of law at the time. Plaintiff's contentions that "Appellee implemented a blanket vaccine policy," (App. Brief at 13), are therefore entirely false.

To the extent that Plaintiff is suggesting that TBHC should have ignored the NYSDOH Mandate altogether, that argument is entirely nonsensical. Even though the NYSDOH Mandate has now been repealed, courts in this Circuit have consistently held that "regardless of the current status of Section 2.61, the regulation was in effect at the time of the plaintiff's request for a religious exemption, and it therefore would have been an undue hardship for Defendant to comply with his request." *Wilson v. New York Soc'y for Relief of Ruptured & Crippled, Maintaining Hosp. for Special Surgery*, No. 22CV9207ATJLC, 2023 WL 5766030, at *5 (S.D.N.Y. Sept. 7, 2023); *Hollinshead v. N.Y.C. Health & Hosps. Corp.*, 81 Misc. 3d 763, 769 (N.Y. Sup. Ct. Kings Cnty. 2023) (same); *see also D'Cunha*, 2023 WL 7986441 at *3 n.3 (noting that a prior "temporary bar" on the NYSDOH enforcement of the Mandate "does not alter [the] conclusion that undue hardship existed in this case because the State Mandate was still valid during the injunction period"); *Mace*, 2023 WL 5049465, at *8 (analyzing a

24

similar claim and concluding that "[a New York state court decision striking down the Mandate] came long after the [] decisions [on which the claim is based] and has no bearing on whether Defendant violated Plaintiff's rights by following the law as it then existed"); *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-2929 (CS), 2023 WL 3467143, at *6 n.8 (S.D.N.Y. May 15, 2023) (dismissing the complaint and holding "[t]hat the Onondaga County Supreme Court invalidated the State Mandate in 2023 does not change the outcome here" because "a 2023 ruling has no bearing on the actions of Defendants in 2021"). Plaintiff therefore fails to demonstrate error in the District Court's decision.

## C. The District Court Properly Denied Plaintiff's Request to Further Amend His Complaint.

Plaintiff next contends that the District Court "[i]mproperly [d]enied [his] [m]otion to [s]upplement the [r]ecord." (App. Brief at 13.) This contention is nonsensical because Plaintiff did not file such a motion with the District Court. (*See generally* Dkt. 4.1.) Plaintiff did file such a motion with this Court, which was rejected several times due to failure to comply with this Court's rules concerning the filing of motions. (Dkt. 9.1, 10.1, 18.1, 19.1.) The Court eventually struck the motion when Plaintiff did not correct his filings. (Dkt. 25.1.) Accordingly, Plaintiff cannot demonstrate error on the District Court's part with regard to a motion to "supplement the record."

25

To the extent that Plaintiff is contending that the District Court erred by not granting him leave to file a third amended complaint, Plaintiff is mistaken. The District Court permitted Plaintiff to file two amended complaints. After dismissing his first amended complaint, the Court warned Plaintiff that his "second amended complaint shall be reviewed for compliance with th[e] [District Court's] Order and substantive sufficiency." (SA at 62-63.) Plaintiff was not entitled to a third amendment as of right.

Moreover, as the District Court concluded, any further amendment would be futile. While "[d]istrict courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects," they are not required to do so if such "amendment would be futile." *Cagle v. Weill Cornell Med.*, No. 22-CV-6951 (LJL), 2024 WL 3520469, at *7 (S.D.N.Y. July 24, 2024).

Here, as demonstrated above, Plaintiffs' claims are foreclosed by scores of cases in this Circuit holding that the precise allegations stated in Plaintiffs' SAC were facially insufficient to state a claim. There are no further allegations Plaintiff could make that would avoid dismissal because no allegation would reverse the conclusion that Plaintiffs' requested accommodation would cause an undue hardship on TBHC. Therefore, the District Court correctly denied Plaintiff leave to further amend. *See, e.g., Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242 (ER)

26

2023 WL 7280476, at *8 (S.D.N.Y. Nov. 3, 2023) (denying leave for pro se healthcare worker to amend her Title VII and due process challenge to her workplace's vaccine mandate); *Algarin v. N.Y.C. Health + Hosp. Corp.*, 678 F. Supp. 3d 497, 518 (S.D.N.Y. 2023) (denying leave to amend vaccine mandate challenge "given the lack of facts, and legal support, to maintain the claims").

## D.     The District Court Properly Considered Plaintiff's *Pro Se* Status.

Plaintiff's final contention is that the District Court's "[h]andling of the [c]ase [d]isplayed [p]rocedural [b]ias and [d]enied [d]ue [p]rocess." (App. Brief at 14.) Plaintiffs' lone contention in this regard is that *pro se* filings should be "liberally construed" and "not dismissed unless it appears 'beyond doubt' that the plaintiff can prove no set of facts [to support a claim]." (*Id*.)

There is no doubt that the District Court permitted Plaintiff every inch of leeway necessary given Plaintiff's *pro se* status,[6] and more. The District Court permitted Plaintiff to amend his complaint twice, despite all three iterations failing to state a claim. Further, when Plaintiff filed his SAC with sparse factual allegations relevant to his legal claims, the District Court took into consideration additional allegations in Plaintiff's opposition to TBHC's motion to dismiss. (SA at 87 n.2 ("In light of Plaintiff's pro se status, it is appropriate to consider

---

[6] The Hospital also respectfully questions Plaintiff's pro se status, as given the quality and completeness of his legal arguments, it appears that Plaintiff has at least been assisted by counsel.

Plaintiff's additional materials, including Plaintiff's opposition memorandum")
(quotations and alterations omitted).) The District Court, in evaluating Plaintiff's
claims, also clarified that it was "mindful that the plaintiff's pleadings should be
held to less stringent standards than formal pleadings drafted by lawyers." (SA at
88.)

Even given this leeway and ample opportunity, Plaintiff still failed to allege
a claim. The District Court is not required to permit Plaintiff to proceed with futile
claims merely because Plaintiff is proceeding *pro se*. The District Court
accordingly did not err by over-scrutinizing Plaintiff's *pro se* filings. Plaintiff's
contentions that the District Court was overly critical of his documents given his
*pro se* status have no merit.

**E.** **The District Court Did Not Improperly Rely on Facts Not Alleged in the SAC.**

Finally, although Plaintiff did not address it in his papers, the Court ordered
the parties to "brief, among any other issues, whether the district court improperly
relied on facts not alleged in the complaint in granting the motion to dismiss."
(Dkt. 24.1 at 2.) Generally, on a motion to dismiss, a court may consider the
complaint, as well as "any written instrument attached to it as an exhibit[,] . . . any
statements or documents incorporated in it by reference[,]" and any document in

which the "complaint relies heavily upon its terms and effects." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

Here, the only document that the District Court considered other than the SAC were the allegations in Plaintiff's opposition to TBHC's motion to dismiss. A court may properly consider allegations in a *pro se* plaintiff's opposition to a motion to dismiss. *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872, at *1 n.1 (E.D.N.Y. Mar. 30, 2018) ("[i]t is 'appropriate . . . to consider [P]laintiff's additional materials,' including [Plaintiff's] . . . opposition memorandum.") (quoting *Burgess v. Goord*, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999)), *aff'd*, 767 F. App'x 123 (2d Cir. 2019).

Here, the only factual allegation referenced by the District Court's decision that is not explicitly mentioned in the SAC is the fact that Plaintiff's position at TBHC was as a patient-facing Environmental Services worker. But Plaintiff specifically alleged that fact in his opposition to TBHC's motion. (SA at 79 (stating that Plaintiff would have accepted "reassignment to other Environmental Services duties where he would not come into contact with patients").) Given Plaintiff's *pro se* status, the District Court properly considered this factual allegation. TBHC is aware of no law holding that while a court may consider

29

allegations in a *pro se* plaintiff's brief when they bolster the plaintiff's claim, the court must ignore those allegations to allow facially insufficient claims to proceed. Such a distinction would be inefficient and waste the Court's resources by allowing frivolous litigation to proceed past the pleading stage.

Because the District Court properly considered allegations in all of Plaintiff's papers, the District Court did not err by relying on facts not alleged in the SAC in granting TBHC's motion to dismiss.

## VIII.  CONCLUSION

The District Court properly dismissed Plaintiff's Second Amended Complaint for failure to state a claim as discussed herein. TBHC therefore respectfully requests this Court enter an order affirming the District Court's September 17, 2024 Order dismissing Plaintiff's claims under Title VII.

DATED: July 8, 2025                          Respectfully submitted,

                                             KELLEY DRYE & WARREN LLP

                                             By: */s/ Barbara E. Hoey*
                                                 Barbara E. Hoey
                                                 3 World Trade Center
                                                 175 Greenwich Street
                                                 New York, NY 10007
                                                 (212) 808-7800

                                                 *Attorneys for Defendant-Appellee*
                                                 *The Brooklyn Hospital Center*

30

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)

1) This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Local Rule 32.1 because it contains 6,586 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2) This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

Dated: July 8, 2025

KELLEY DRYE & WARREN LLP

By: */s/ Barbara E. Hoey*

*Attorneys for Defendant-Appellee*

31

STATE OF NEW YORK    )                        **AFFIDAVIT OF SERVICE**
                              )     ss.:         **BY OVERNIGHT FEDERAL**
COUNTY OF NEW YORK   )                        **EXPRESS NEXT DAY AIR**

       I, Tyrone Heath, 2179 Washington Avenue, Apt. 19, Bronx, New York 10457, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age and resides at the address shown above or at

      **On July 8, 2025**

deponent served the within: **BRIEF FOR DEFENDANT-APPELLEE**

**upon:**

**GARFIELD WRIGHT-**_Pro Se_
50 Legion Street, Apt.15A
Brooklyn, New York 11212

the address(es) designated by said attorney(s) for that purpose by depositing **1** true copy(ies) of same, enclosed in a properly addressed wrapper in an Overnight Next Day Air Federal Express Official Depository, under the exclusive custody and care of Federal Express, within the State of New York.

**Sworn to before me on July 8, 2025**

**MARIANA BRAYLOVSKIY**
Notary Public State of New York
No. 01BR6004935
Qualified in Richmond County
Commission Expires March 30, 2026        **Job#382877**